UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORDIC NATURALS, INC.,<br><br>                Plaintiff,<br><br>        v.<br><br>PREMIUM SELLERS LLC,<br><br>                Defendant. | Case No.  24-cv-04132-RFL<br><br>**JUDGMENT ON DEFAULT AND PERMANENT INJUNCTION**<br><br>Re: Dkt. Nos. 17, 23 |

**JUDGMENT ON DEFAULT**

**AND PERMANENT INJUNCTION**

Having considered the Motion for Default Judgment ("Motion") filed by Plaintiff Nordic Naturals, Inc. ("Nordic" or "Plaintiff"), it is HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      Nordic's Motion is GRANTED in part and DENIED in part.

2.      Pursuant to Federal Rule of Civil Procedure 55(b)(2), default judgment is entered in this matter against Defendant Premium Sellers LLC ("Premium" or "Defendant") for Nordic's claim for trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)(1)(A) (Count I of the Complaint).

3.      Because Nordic's claims for unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) (Count II); common law trademark infringement (Count III); violation of Business and Professions Code §§ 17200, et seq. (Count IV); and intentional interference with contractual relations (Count V) seek the same relief as its claims for trademark infringement in violation of the Lanham Act, this Court makes no ruling on the merits of those claims.  As a matter of the Court's discretion, default judgment is DENIED as to those claims.

4.      Pursuant to 15 U.S.C. § 1117(a), Nordic is awarded damages in the form of

Premium's profits. Having considered the documentary evidence submitted with the Motion, the Court has determined that Nordic is entitled to recover Premium's profits in the amount of $1,049,462.81.

5.    This Judgment also constitutes a permanent injunction. *See* 15 U.S.C. § 1116(a). The injunctive relief provisions of this Judgment apply to Premium as well as its agents, owners, servants, employees, and all persons or entities in active concert or participation with Premium or Premium's officers, agents, servants, employees, and attorneys (collectively, the "Enjoined Parties").

6.    Nordic has valid and subsisting trademarks. These trademarks include, but are not limited to: NORDIC NATURALS® (U.S. Trademark Registration No. 3688252), NORDIC PET® (U.S. Registration No. 3818333), and ULTIMATE OMEGA® (U.S. Trademark Registration No. 3591199) (collectively, the "Nordic Trademarks").

7.    The Enjoined Parties are:

(a) Prohibited from advertising or selling products bearing the Nordic Trademarks through **any storefront** on www.amazon.com ("Amazon"), including, **but not limited to**, the Amazon storefront that is currently called "GeoBelt" and which has a Merchant ID number of ATGMXIEYIUVFT and can be accessed at https://www.amazon.com//sp?seller=ATGMXIEYIUVFT;

(b) Prohibited from advertising or selling, through any medium (including all Internet and non-Internet channels), products bearing the Nordic Trademarks;

(c) Prohibited from using any of the Nordic Trademarks in any manner, including advertising on the Internet,

(d) Prohibited from importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any products bearing any of the Nordic Trademarks; and

(e) Required to take all action to remove from the Enjoined Parties' websites and online storefronts any reference to any Nordic products or any of the Nordic

Trademarks.

8.    The Enjoined Parties must destroy or return to Nordic all products bearing the Nordic Trademarks that are in the Enjoined Parties' possession, custody, or control.  This Order does not encompass products that do not themselves bear the Nordic Trademarks, but includes any packaging for such products that bears the Nordic Trademarks.

9.    Through its inherent equitable power, this Court orders Amazon.com, Inc. ("Amazon.com") to freeze all funds in any accounts owned or controlled by Premium. Amazon.com shall immediately freeze all such funds and block and prohibit the withdrawal or transfer of funds out of any such accounts by Premium to preserve Premium's assets to be used to satisfy this final judgment.  Nordic may notify Amazon.com of this order by electronic means, including by electronic mail with delivery confirmation.  This final judgment is without prejudice to Amazon.com's ability to object to or petition the Court to modify the asset restraint set out in this final judgment within fourteen days after being served with the judgment.

10.    Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, this Order is binding upon the following persons who receive actual notice of it: the parties, the parties' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the parties or the parties' officers, agents, servants, employees, and attorneys.

11.    Doe Defendants 1-10 are dismissed from this action with prejudice.

12.    This Court shall retain jurisdiction of this matter in law and in equity for the purpose of enforcing and/or adjudicating claims in violation of this Judgment and Permanent Injunction. Any such matters shall be raised by noticed motion.

**IT IS SO ORDERED.**

Dated: July 30, 2025

_____
RITA F. LIN
United States District Judge